**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Combis Sport Enterprise Company Limited,<br><br>Plaintiff,<br><br>v.<br><br>Precision Shooting Equipment Incorporated, et al.,<br><br>Defendants. | No. CV-24-00371-TUC-CKJ (MSA)<br><br>**ORDER** |

Pending before the Court are Plaintiff Combis Sport Enterprise Company's motion to compel and Defendant Precision Shooting Equipment LLC's motion for a protective order. The Court will grant Plaintiff's motion in part and deny Defendant's motion.

## Background

The first amended complaint contains the following allegations. For years, Plaintiff manufactured and sold sports equipment to Defendant Precision Shooting Equipment Inc. (PSE Inc.) on a purchase-order basis. (Doc. 25, ¶ 7.) Plaintiff would invoice PSE Inc. only after shipping the equipment. (*Id.* ¶ 8.) Plaintiff alleges two distinct breaches of these contracts. First, PSE Inc. became delinquent on invoices for shipped equipment. (*Id.* ¶ 9.) Plaintiff and PSE Inc. executed a payment plan under which PSE Inc. agreed to pay the outstanding amount (nearly $1.4 million) through weekly payments. (*Id.* ¶¶ 9–11.) PSE Inc. defaulted on the payment plan with about $895,000 outstanding. (*Id.* ¶ 18.) Second, PSE Inc. canceled several orders for customized equipment that used PSE Inc.'s registered design or bore its trademarked logo. (*Id.* ¶¶ 19–20.) The cancelation occurred after Plaintiff

had manufactured the equipment but before the equipment was shipped. (*Id.* ¶ 19, 22.) Plaintiff is owed nearly $2 million for the canceled orders. (*Id.* ¶¶ 22–23.)

In February 2023, PSE Inc. entered into an Asset Purchase Agreement with Defendant Precision Shooting Equipment LLC (PSE LLC), through which PSE LLC purchased PSE Inc.'s assets and business. (*Id.* ¶ 15.) Under the Agreement, PSE LLC assumed all liabilities of PSE Inc. for "Trade Payables," including a "Trade Payable" owed to Plaintiff. (*Id.* ¶¶ 16–17.) Plaintiff sought permission from PSE Inc. and PSE LLC to sell the canceled orders, but PSE LLC conditioned its permission on terms that Plaintiff could not accept. (*Id.* ¶ 21.) In May 2024, Plaintiff made a final demand to PSE Inc. and PSE LLC for payment of the sum of the outstanding invoices and canceled orders (about $2.8 million), to no avail. (*Id.* ¶ 24.)

Plaintiff initiated this lawsuit against both PSE Inc. and PSE LLC. (Doc. 25.) In Count One, Plaintiff alleges a claim of breach of contract arising from the outstanding invoices. (*Id.* ¶¶ 25–32.) In Count Two, Plaintiff alleges a claim of breach of contract arising from the canceled orders. (*Id.* ¶¶ 33–40.) In Count Three, Plaintiff alleges that PSE LLC is the successor in liability to PSE Inc. and thus liable for both the outstanding invoices and the canceled orders. (*Id.* ¶¶ 41–47.)

## Discussion

### I.     Plaintiff's motion to compel will be granted in part.

Plaintiff seeks an order compelling PSE LLC to produce documents concerning its negotiation of the Asset Purchase Agreement with PSE Inc.; its communications with PSE Inc. about the outstanding invoices, the canceled orders, and Plaintiff generally; and PSE Inc.'s internal communications about Plaintiff. PSE LLC argues that the motion should be denied because Plaintiff did not meet and confer before filing it. PSE LLC argues further that Plaintiff's motion should be denied because the unambiguous terms of the Asset Purchase Agreement provide that liability for the canceled orders lies solely with PSE Inc. The Court will grant Plaintiff's motion to the extent that it seeks an order compelling PSE LLC to respond. The Court will deny the motion to the extent it seeks fees, because the

record is not clear as to whether Plaintiff's counsel sufficiently met and conferred.

**A.     Plaintiff has not established that it sufficiently met and conferred.**

Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule of Civil Procedure 7.2(j) provides that "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter."

Plaintiff's counsel asserts that he had several written and verbal communications with PSE LLC's counsel before filing the motion to compel, and that PSE LLC's counsel never raised a substantive objection to Plaintiff's request for documents. (Doc. 63 at 6–7.) During the hearing, he added that while "at one point in time [PSE LLC's counsel] talked about difficulty getting these documents or going through these documents," PSE LLC's counsel never stated that PSE LLC did not have the documents. (Doc. 76 at 9.) PSE LLC's counsel maintains that he did raise a substantive objection before Plaintiff filed the motion, and that the motion was filed amidst those discussions. (Doc. 62 at 5; Doc. 76 at 11–12.)

The Court lacks sufficient information to resolve the parties' inconsistent positions. As Plaintiff has not convinced the Court that it satisfied the meet-and-confer requirement, Plaintiff's motion could be denied outright. However, the federal and local rules give the Court discretion to decide a motion to compel even when that requirement has not been met. *See* Fed. R. Civ. P. 37(a)(5)(A)(i) (providing that a successful movant must be denied fees if he failed to meet and confer); LRCiv 83.6 (providing that the Court may suspend a local rule for good cause). Failing to resolve the dispute, which has been briefed and argued, will only result in delay. Therefore, the Court will decide the merits of the dispute.

**B.     PSE LLC will be ordered to comply with Plaintiff's document requests.**

A party is entitled to obtain documents that are in another party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The documents must be within the scope of

1  discovery, which includes "any nonprivileged matter that is relevant to any party's claim
2  or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

3      First, relevance. The standard for relevance in discovery is broader than the one for
4  admissibility at trial. *Cont'l Cirs. LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018–19
5  (D. Ariz. 2020) (quoting *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 566
6  (D. Ariz. 2016)). Evidence is admissible at trial if it "has any tendency to make a fact more
7  or less probable than it would be without the evidence," and "the fact is of consequence in
8  determining the action." Fed. R. Evid. 401. Here, Plaintiff's requests for production are
9  relevant to Plaintiff's claims of breach of contract arising from the outstanding invoices
10 and canceled orders. Plaintiff claims that PSE LLC is liable for both because it accepted
11 such liability in the Asset Purchase Agreement. (Doc. 25, ¶¶ 15–18, 21, 41–46.) It is easy
12 to see how the requested documents—relating to PSE LLC's negotiation of the Agreement,
13 PSE LLC's communications with PSE Inc. regarding Plaintiff, and PSE Inc.'s internal
14 records regarding the outstanding invoices and canceled orders—will be probative toward
15 whether Plaintiff's claims have merit. Indeed, PSE LLC does not challenge Plaintiff's
16 requests on relevancy grounds.

17     Second, proportionality. The proportionality of a discovery request turns on "the
18 importance of the issues at stake in the action, the amount in controversy, the parties'
19 relative access to relevant information, the parties' resources, the importance of the
20 discovery in resolving the issues, and whether the burden or expense of the proposed
21 discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under these factors,
22 Plaintiff's requests are proportional to the needs of this case. Whether PSE LLC assumed
23 liability in the Asset Purchase Agreement is determinative of Plaintiff's claims against PSE
24 LLC, so the requested documents go toward a key issue and are important to resolving that
25 issue. Next, Plaintiff's alleged damages approach $3 million. (Doc. 25, ¶ 24.) This high
26 amount in controversy justifies more intrusive discovery. Finally, the record indicates that
27 PSE LLC has access to relevant records that Plaintiff does not: PSE LLC's initial
28 disclosures state that it has "[t]he Asset Purchase Agreement, and related documents and

correspondence between PSE Inc. and PSE LLC"; PSE Inc.'s discovery response states that "PSE Inc.'s books and records were transferred to PSE LLC" after the Agreement closed; and PSE Inc. filed a statement reaffirming that it transferred "its business records of 'every kind and nature'" to PSE LLC. (Doc. 57-1 at 19, 29; Doc. 70.)

PSE LLC's written response does not discuss any of the proportionality factors listed in Rule 26(b)(1). Instead, PSE LLC argues that Plaintiff's requests are not proportional because "the terms of the [Asset Purchase Agreement] unambiguously provide that liability for the Cancelled Orders remains with PSE Inc." (Doc. 62 at 6.) In other words, PSE LLC takes the incredible position that Plaintiff is not entitled to merits discovery because Plaintiff's claim lacks merit.

This argument borders on frivolous. The purpose of discovery is to disclose information about the merits of a dispute. *See* Fed. R. Civ. P. 26 advisory committee note to 1946 amendments ("The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case."); *Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (stating that discovery is designed "to narrow and clarify the basic issues between the parties" and to "ascertain[] the facts . . . relative to those issues"). As such, it makes no sense whatsoever to deny a party information about the merits on the ground that his claim lacks merit. *See Cruz v. Nike Retail Servs.*, No. 23-cv-874, 2023 WL 6967410, at *4 (S.D. Cal. Oct. 20, 2023) ("Moreover, as a matter of pure logic, 'plaintiff does not get discovery to prove her claims because she is going to lose' is hopelessly circular."). PSE LLC's attempt to frame the issue as one of proportionality (i.e., Plaintiff's claims lack merit, so any discovery on them would be disproportional) is flatly unpersuasive. The proportionality provision was added to Rule 26 "to deal with the problem of over-discovery." Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment. It gives "the court authority to *reduce* the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry," but it was never intended "to *deprive* a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." *Id.* (emphases added).

1 Plaintiff's claims allege that PSE LLC accepted liability under the Asset Purchase
2 Agreement. PSE LLC did not challenge the legal sufficiency of those claims (e.g., through
3 a motion to dismiss); it filed an answer. Plaintiff is therefore entitled to discovery on its
4 claims, and "the question of the sufficiency of [Plaintiff's] case as a matter of law" must
5 wait until "after discovery closes." *Nat. Res. Def. Council v. Curtis*, 189 F.R.D. 4, 8
6 (D.D.C. 1999).

7 At the hearing, PSE LLC's counsel argued that PSE LLC would not know what to
8 look for if it is ordered to respond, because its officers "have no idea about any facts or
9 circumstances surrounding canceled orders" and would be "flying blind." (Doc. 76 at 18.)
10 Given that PSE LLC undeniably took possession of at least some of PSE Inc.'s documents
11 (PSE Inc. says it was all documents), that two of PSE Inc.'s former officers now work for
12 PSE LLC, and that the outstanding invoices and canceled orders presumably have dates
13 and transaction numbers that would be useful in developing search inquiries, the Court
14 doubts that PSE LLC's search would be as difficult as alleged. Regardless, PSE LLC's
15 concerns do not establish that Plaintiff's discovery requests are disproportional and thus
16 are not a reason to deny discovery. To the extent that any issues arise, counsel must meet
17 and confer to facilitate production.

18 Therefore, Plaintiff's motion to compel will be granted to the extent that it seeks an
19 order compelling PSE LLC to respond. The motion will be denied to the extent that it seeks
20 sanctions, as Plaintiff has not convinced the Court that it sufficiently met and conferred.
21 Fed. R. Civ. P. 37(a)(5)(A)(i).

22 **II.     PSE LLC's motion for a protective order will be denied.**

23 A district court may issue a protective order "for good cause . . . to protect a party
24 or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.
25 R. Civ. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden
26 of showing specific prejudice or harm will result if no protective order is granted." *Phillips*
27 *ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).
28 "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,

1   do not satisfy the Rule 26(c) test." *Beckman Indus. v. Int'l Ins.*, 966 F.2d 470, 476 (9th Cir.
2   1992) (quoting *Cipollone v. Liggett Grp.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). The district
3   court has "broad discretion . . . to decide when a protective order is appropriate and what
4   degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

5   PSE LLC argues that Plaintiff "seeks to place undue burden on PSE LLC by
6   requesting information that is disproportionate to the needs of the case." (Doc. 62 at 6.) It
7   says that Plaintiff seeks "information about the liabilities of *PSE Inc.* from *PSE LLC*,"
8   which is "inherently inappropriate, given that PSE LLC was not a part of the circumstances
9   surrounding the Cancelled Orders." (*Id.* at 7.) Finally, PSE LLC says that Plaintiff should
10  already have the documents it seeks since it was a party to the canceled orders, and that the
11  equities favor entry of a protective order because "PSE LLC is already embroiled in this
12  case over the Cancelled Orders, despite not . . . having any liability for the Cancelled
13  Orders." (*Id.*)

14  PSE LLC has not shown good cause for a protective order. Its argument is merely
15  an extension of the one in opposition to Plaintiff's motion to compel: PSE LLC is not liable,
16  so discovery is disproportional; and since discovery is disproportional, it would impose an
17  undue burden. As explained above, Plaintiff seeks information that is proportional to the
18  needs of the case. In addition, PSE LLC has not provided specific examples showing how
19  responding to the requests would be unduly burdensome (e.g., because of unreasonable
20  expense or time commitment). To the extent that PSE LLC says that Plaintiff should
21  already have the documents in its possession, the record contains information to the
22  contrary. (Doc. 57-1 at 19, 29; Doc. 70.) PSE LLC's motion will therefore be denied.

23  \* \* \*

24  Before concluding, an observation and warning: the Court is troubled by PSE LLC's
25  response to Plaintiff's requests for production. Plaintiff's motion to compel makes clear
26  that all ten of its document requests were directed to both PSE Inc. and PSE LLC, and PSE
27  LLC's understanding of this is clear from its response to the motion. Yet, PSE LLC's
28  discovery response, which was served the day PSE LLC responded to the motion, answered

seven of the requests as follows: "This Request is not directed to PSE LLC, and therefore no response is provided." (Doc. 63-1 at 8–9.) PSE LLC's motion response is not consistent with its discovery response. The parties are warned that gamesmanship will not be tolerated moving forward.

* * *

**IT IS ORDERED** that Plaintiff's motion to compel (Doc. 57) is **granted in part and denied in part** as set forth above. Defendant Precision Shooting Equipment LLC is ordered to search for and produce documents responsive to Plaintiff's "First Request for Production of Documents to Defendants." Such production must be delivered to counsel for Plaintiff no later than 14 days from the date this Order is docketed.

**IT IS FURTHER ORDERED** that Defendant's motion for a protective order (Doc. 62) is **denied**.

Dated this 15th day of August, 2025.

Honorable Maria S. Aguilera
United States Magistrate Judge