**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Combis Sport Enterprise Co., Ltd., )
)
        Plaintiff, )
)    No. CIV 24-371-TUC-CKJ (MSA)
vs. )
)
Precision Shooting Equipment, Inc., *et al*.,)    **ORDER**
)
        Defendants. )
)

On November 24, 2025, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R & R") (Doc. 90) in which she recommended the Motion to Amend Answer (Doc. 83) filed by Defendant/Cross-Claimant/Cross-Defendant Precision Shooting Equipment, LLC ("PSE, LLC") be denied. PSE, LLC, has filed an Objection to the R & R (Docs. 105, 109) and Plaintiff Combis Sport Enterprise Co., Ltd., ("Combis") has filed a Response (Doc. 118). Oral argument has been requested. Because the parties have thoroughly presented the facts and briefed the issues, the Court declines to set this matter for oral argument. *See* LRCiv 7.2(f); 27A Fed.Proc., L. Ed. § 62:361 ("A district court generally is not required to hold a hearing or oral argument before ruling on a motion.").

I. *Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then

this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."  The statute does not "require [] some lesser review by [this Court] when no objections are filed."  *Thomas v. Arn*, 474 U.S. 140, 149-50, (1985).  Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection."  *Id*. at 149.

Moreover, under Fed.R.Civ.P. 72(b), a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *Thomas*, 474 U.S. at 151-153; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1119 (9th Cir. 2003).

PSE, LLC, objects to the Magistrate Judge's conclusion Combis's performance is not a necessary part of sustaining its claim, the Magistrate Judge's finding the setoff and untimeliness issues were not already raised as an affirmative defense in PSE, LLC,'s Answer (stating Combis did not comply with the underlying contract), and the Magistrate Judge's failure to freely grant the requested leave to amend.

## II. *Combis's Performance*

The Magistrate Judge recognized the elements of a breach of contract claim are a contract, a breach, and resulting damage.  PSE, LLC, argues, however, that Combis must also establish compliance with every provision of the contract and that setoff and untimeliness need not be stated as affirmative defenses.  The Court recognizes Combis's Amended Complaint (Am. Compl.") alleges it "has met all of its obligations under the terms of the Contract."  Am. Compl. (Doc. 25, p. 5, ¶ 27).  In context, this refers to the negotiated and executed December 16, 2022, written schedule of payments made between Combis and PSE, Inc.  *Id*.  In stating its claim for breach of contract as to the May 9, 2014, Purchase Order Terms and Conditions ("Original Contract") executed between Combis and PSE, Inc., Combis alleged the incorporation "by reference the allegations set forth in paragraphs 1 through 32 above as though set forth in full herein."  Am. Compl. (Doc. 25, p. 6, ¶ 33).  As

the allegation regarding Combis having met its obligations under the terms of the Contract specifically referred to the Contract, the incorporation does not include an allegation Combis met its obligations under the terms of the Original Contract.

While full compliance on the part of a plaintiff may be needed to establish a claim, minor or tangenital non-compliance may not defeat a claim. *See e.g.,Am. Cont'l Life Ins. Co. v. Ranier Const. Co.*, 125 Ariz. 53 (Ariz. 1980). Additionally, PSE, LLC, has not provided any authority that Combis was required to include such an allegation in its pleading. Moreover, PSE, LLC, has not provided any authority that when full compliance is at issue, a defending party is excused from clearly stating an affirmative defense. As stated by the Magistrate Judge, "Arizona courts have treated setoff and limitation-period provisions as defenses." R & R (Doc. 90, p.4), *citing Indep. Nat'l Bank v. Westmoor Elec., Inc.*, 795 P.2d 210, 216–17 (Ariz.App. 1990) (finding a triable issue as to the defendant's argument that it was "entitled to a set-off under its contract"); *Shea N., Inc. v. Ohio Cas. Ins.*, 564 P.2d 1263, 1265 (Ariz.App. 1977) (explaining that an insurer can waive a limitation-period defense); *see also Summers v. Gloor*, 368 P.3d 930, 932 (Ariz.App. 2016) (recoupment and offset are affirmative defenses); *SiteLock LLC v. GoDaddy.com LLC*, 562 F. Supp. 3d 283, 294 (D. Ariz. 2022) (set-off stated as an affirmative defense in answer). Further, as stated by the Magistrate Judge, "It is unclear how Plaintiff could allege and prove compliance with the contract's setoff provision. Is Plaintiff supposed to calculate the damages it caused and voluntarily subtract that amount from its claim?" R & R (Doc. 90, p. 4, n. 3). The Court overrules this Objection.

III. *Fair Notice of Set-Off and Untimeliness as Defenses*

PSE, LLC, asserts it provided sufficient notice of the affirmative defenses by describing them in general terms because the Answer provided Combis with "fair notice" of the nature of the defenses. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). PSE, LLC's Answer stated a number of potential affirmative defenses including, *inter*

- 3 -

*alia*, the doctrine of laches, waiver, estoppel, acquiescence, ratification, and the statute of frauds.  The Answer also stated Combis's "claims may be barred, in whole or in part, by [Combis's] breaches of contract." Answer (Doc. 37, p. 8 , ¶ 7).  Although PSE, LLC, claimed some specific affirmative defenses, PSE, LLC, now claims its general reference to a breach of contract also adequately provided notice of untimeliness and set-off as affirmative defenses.  A fair reading of the Answer indicates otherwise.  PSE, LLC's omission of set-off and untimeliness, while naming other affirmative defenses, demonstrates a lack of intention to state those affirmative defenses.

As summarized by the Magistrate Judge, "Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defenses." R & R (Doc. 90, p. 2), *citations omitted*.  PSE, LLC, argues it gave fair notice of the nature of the defense.  However, a reference to a breach of contract does not provide any implication of a set-off or untimeliness defense.  Rather, a fair reading of the PSE, LLC's Answer does not mention or state a factual basis that would provide fair notice of either untimeliness or set-off.  *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam) (where answer referred to statute of limitations and attached a memorandum referencing the state's statute of limitations authority, the answer provided fair notice of the statute of limitations authority relied upon).  The Court agrees with the Magistrate Judge that PSE, LLC, did not provide fair notice of these affirmative defenses.  The Court overrules this objection.

IV.  *Amendment of Answer*

PSE, LLC, argues the Court should nonetheless permit the amendment under the liberal standard of Fed.R.Civ.P. 15.  In other words, PSE, LLC, is implicitly arguing the Magistrate Judge erred in concluding the amendment is not proper.  Initially, the Court recognizes the Joint Report submitted by the parties requested no deadline be provided for an amendment of the pleadings (Doc. 43); the Rule 16 Scheduling Order did not include a

- 4 -

deadline for the filing of an amended pleading.  Generally, where a Rule 16 scheduling order does not include a specific deadline:

> "the standards of Rule 15 govern the motions, and the good cause requirement by Rule 16 is inapplicable." *Kingsburg Apple Packers, Inc. v. Ballantine Produce Co., Inc.*, 2012 WL 718638, * (E.D.Cal. March 5, 2012) (citing *e.g., Santa Clara Valley Water Dist. v. Olin Corp.*, 2009 U.S. Dist. LEXIS 23816, at * 12 (N.D.Cal. March 13, 2009) ("Because the court's case scheduling orders imposed no deadline for amending the pleadings, [the party] is not required to show good cause for its desire to amend."); *see also Soto v. Castlerock Farming and Transport, Inc.*, 2011 WL 3489876, * 2 (E.D.Cal. August 9, 2011).

*Reg'l Care Servs. v. Companion Life Ins. Co.*, No. CV-10-2597-PHX-LOA, 2012 WL 1018937, at *2, n. 4 (D. Ariz. Mar. 26, 2012); *but see Jones v. Cnty. of Tulare, California*, No. 1:17-CV-1260-SKO, 2018 WL 6271577, at *3 (E.D. Cal. Nov. 30, 2018) ("Although the Court's Scheduling Order does not set a specific deadline for amending the complaint, Plaintiffs' motion to amend the complaint is governed by Rule 16(b)(4) because granting Plaintiffs' leave to amend the complaint would require amending other dates in the Scheduling Order.").

> As summarized by the Ninth Circuit:

> Under Rule 15(a)(2), courts should freely give leave to amend when justice so requires.  Amendment should be permitted unless the opposing party makes a showing of "undue delay, bad faith ..., undue prejudice ..., [or] futility of amendment." [*Foman v. Davis*, 371 U.S. 178, 182 (1962)].  Courts should also consider the number of times the plaintiff has already been allowed to amend.  *Id*. These factors are evaluated as a whole, but the consideration of prejudice to the opposing party carries the greatest weight and delay cannot be individually decisive. [*Citations omitted*].

> If a district court denies a motion for leave to amend, the record must "clearly indicate[ ] reasons for the district court's denial," or the court must "provide written findings" of "prejudice to the opposing party, bad faith by the moving party, or futility of amendment." [*Citations omitted*].

*Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025).

Further, not all of these factors merit equal weight; rather, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  A district court does not "abuse its discretion in denying a motion to amend a complaint . . . when the movant present(s) no new facts but only 'new theories' and 'provid[es] no satisfactory explanation for his failure to fully

develop his contentions originally.'" *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004), *quotation omitted*.

A. *Undue Delay*

PSE, LLC, argues it did not unduly delay seeking an amendment because it did not even exist until February 2023 and the acquisition of PSE Inc. through the Asset Purchase Agreement ("APA") included a short due diligence period. As a result of this, PSE LLC, did not have first-hand knowledge of the transactions underlying the lawsuit or of the details surrounding Combis's legal claims. Indeed, PSE, LLC, asserts it was unaware of discovery in its possession (generally, the discovery was already possessed by Combis) and it took time for PSE LLC, to fully understand the delivery, damages, and untimeliness issues of the case, of which Combis was always aware. PSE, LLC, also asserts it moved to amend its Answer within a week of the deposition in which it questioned Combis about its claims.

However, the Magistrate Judge pointed out that PSE, LLC's asserted late realization of issues is the result of PSE, LLC's actions in failing to engage in meaningful discovery until near the end of discovery and even conducting a deposition after the deadline.[1] The Magistrate Judge stated:

> Further, as the Court explained in a prior order, PSE LLC's reason for not participating in merits discovery earlier—i.e., that Plaintiff's claims lack merit—was borderline frivolous. (Doc. 79 at 5.) PSE LLC has been dilatory throughout this entire case, so it cannot rely on the fact that it discovered its defenses only recently. The Court finds that PSE LLC unduly delayed in bringing this motion.

R & R (Doc. 90, p. 5).[2]

---

[1] For example, PSE, LLC, did not seek dates for a Rule 30(b)(6) deposition of Combis until less than one month before the discovery deadline.

[2] *See* August 15, 2025, Order (Doc. 79, p. 5) ("As such, it makes no sense whatsoever to deny a party information about the merits on the ground that his claim lacks merit. *See Cruz v. Nike Retail Servs.*, No. 23-cv-874, 2023 WL 6967410, at *4 (S.D. Cal. Oct. 20, 2023) ("Moreover, as a matter of pure logic, 'plaintiff does not get discovery to prove her claims

However, "[w]hether there has been 'undue delay' should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015). Further, the Ninth Circuit has given greater weight to the undue delay factor where the facts and theories sought to be added were known to the moving party early in the litigation. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.1994); *see also Bus. Warrior Corp. v. Li*, No. 8:22-CV-02144-DOC-ADSX, 2024 WL 3005927, at *4 (C.D. Cal. May 21, 2024) ("knew or should have known the facts and theories raised by the amendment in the original pleading"), *quoting Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Here, PSE, LLC, asserts both it sufficiently stated affirmative defenses of set-off and untimeliness in its Answer, but also asserts it did not know sufficient facts to raise these affirmative defenses until after the close of discovery. However, it is significant that two officers/representatives of PSE Inc., who had direct knowledge of PSE Inc.'s contractual relationship with Combis, went to work for PSE, LLC, after PSE, LLC, acquired PSE, Inc. in February, 2023. In other words, not only did PSE, LLC, have employees with knowledge of the facts, but PSE, LLC, delayed discovery which could have resulted in earlier learning the relevant facts.

The Court finds the record supports the Magistrate Judge's conclusion PSE, LLC, unduly delayed in bringing the motion.[3]

---

because she is going to lose' is hopelessly circular.").

[3]The Magistrate Judge set an initial discovery deadline of June 13, 2025. December 23, 2024, Order (Doc. 46). PSE, LLC, filed its Notice of Service of its Initial Disclosures (Doc. 52) on January 24, 2025, but did not file any other Notices of Service of Discovery until May 6, 2025 (Doc. 56). PSE, LLC, did not file any other Notices of Service of Discovery until after the discovery deadline was extended. *See e.g.*, Doc. 64. Additionally, the Magistrate Judge granted a motion to compel against PSE, LLC, as PSE, LLC, contested providing certain discovery to Combis.

B. *Prejudice to the Opposing Party*

Consideration of prejudice to an opposing party is the factor that carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052. "[T]he prejudice of having to prosecute his claims against affirmative defenses is not the type of prejudice contemplated under Rule 15." *Oskowis v. Sedona Oak-Creek Unified Sch. Dist. #9*, *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (undue prejudice if it would require party to undertake, at a late hour, "an entirely new course of defense"); *IXYS Corp. v. Advanced Power Tech., Inc.*, No C 02-03942-MHP, 2004 WL 135861, at *3 (N.D. Cal. Jan 22, 2004) (classic sources of prejudice include the need to conduct supplemental discovery or to consider a new line of legal arguments). The Magistrate Judge stated:

> The Court agrees that allowing an amendment at this point would cause prejudice, and PSE LLC's arguments to the contrary are not persuasive. PSE LLC argues that Plaintiff always had notice of the terms of the contract and that the answer also provided such notice. As previously explained, however, notice of the terms of the contract does not equate to fair notice of what PSE LLC intended to argue, and the answer did not provide fair notice of the setoff and untimeliness defenses. Further, PSE LLC fails to point to some prior court filing or discovery response that would have put Plaintiff on notice of the setoff and untimeliness legal theories. *Cf. Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069, 1080 n.10 (9th Cir. 2016) (notice of intent to rely on the de minimis doctrine shown in a court filing made five months before summary judgment); *Fin. Timing Publ'ns*, 893 F.2d at 944 n.9 (notice of intent to rely on a contractual limitation period given in a discovery response ten months before summary judgment).
>
> PSE LLC says that it provided information supporting its defenses during discovery, and it criticizes Plaintiff for not speaking to key witnesses who had further information about the defenses. As an example, PSE LLC highlights an email from PSE Inc. to Plaintiff, complaining about a loss of customers due to delayed shipments. PSE LLC also criticizes Plaintiff's "offhand reference to unsupported 'waiver' or 'tolling' arguments," stating that there is no evidence supporting tolling or waiver. These arguments completely miss the point. A claim or defense requires two things: a legal theory and relevant facts to support it. **Plaintiff did not have fair notice of the legal theories, so it had no reason to know that information in its possession was relevant to the theories, and it had no reason to try and discover other information undermining the theories.** So, it makes sense that Plaintiff has no evidence to challenge PSE LLC's defenses. That is Plaintiff's point. Plaintiff is unfairly surprised and would therefore be prejudiced.

Oct. 30, 2025, Order (Doc. 90, pp. 6-7), *emphasis added*.

The Court agrees PCE, LLC, did not submit any filing that provided notice to Combis of the legal theories. That Combis may have known of the relevant facts, does not change

the fact Combis did not have notice it needed to prepare for the affirmative defenses. However, the Court finds it appropriate to consider whether Combis received notice of the affirmative defenses by other filings in the case, including the Answer of co-defendant PSE, Inc., such that Combis would have been on notice it may have to defend against and pursue discovery regarding these affirmative defenses. PSE, Inc.'s Answer includes the following statements:

> 22.  The failure to complete payment pursuant to Exhibit 1 and the cancellation of unspecified orders is excused under the doctrines of impracticability, frustration, and supervening frustration stemming from the substantial supply chain interruption from Taiwan to the port of Los Angeles. That precluded the Defendant from taking timely delivery from the Plaintiff and, therefore, rendering it unable to render timely delivery to its customers and obtain payment that would otherwise would have been available to pay Plaintiff if it had performed timely.
>
> 23.  At all material times, the Plaintiff knew, or should have known, that the Defendant was not the end-user of materials it supplied to the Defendant and that the interruption in the supply chain and the inability of the Defendant to take timely delivery at the port of Los Angeles would materially frustrate the Defendant's ability to conduct its business and receive payment, and to otherwise satisfy any monetary obligations that may have been due to the Plaintiff.
>
> 24.  Implicit in the dealings between the parties is the implied covenant of good faith and fair dealing, and that includes timely delivery by the Plaintiff to the Defendant, a material term of their dealings, which the Plaintiff did not or was unable to perform.
>
> 25.  Upon information and belief the allegations in the Complaint concerning what is described as the proposed resale of customized goods occurred between Plaintiff and the purchaser of Defendant's assets. Upon information and belief, after conferring with the purchaser, the Plaintiff's demands were not reasonable. Further, upon information and belief, the purchaser and the Plaintiff's representative arrived at a settlement of this case which was vetoed, apparently without good faith, by the Plaintiff s Board of Directors.

Answer (Doc. 19, pp. 2-3); *see also* Joint Report (Doc. 43) (neither untimeliness nor set-off included as affirmative defenses).   In other words, PSE, Inc. specifically listed impracticability, frustration, and supervening frustration as defenses, but did not list set-off or untimeliness.

PSE, Inc., stated untimely delivery (based on supply chain interruption) rendered PSE, Inc., unable to obtain payment that would have allowed PSE, Inc., to make its payment to Combis.  PSE, Inc., similarly stated that its inability to take timely delivery frustrated its

ability to receive payment, from which it would be able to satisfy PSE, Inc.'s ability to pay Combis.  Although untimeliness is repeatedly addressed in the Answer, it was the untimeliness of the delivery, not the untimeliness of bringing a claim, that was raised.

Moreover, the affirmative defense of set-off is not clearly stated, nor supported by a factual basis.  Indeed, although a plain reading of the Answer is that PSE, Inc. asserted that Combis did not timely fulfill its obligations, a set-off defense "is not intuitive" from these statements.  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274, Pleading Affirmative Defenses, 5 Fed. Prac. & Proc. Civ. § 1274, n. 4 (4th ed. 9/25 update), *citing Brunson v. Capitol CMG, Inc.*, 2022 Copr. L. Dec. P 32038, 2022 WL 3691022 (M.D. Tenn. 2022).  Rather, because the Am. Compl. alleged the existence of the Contract which addresses a payment schedule, there is no intuitive basis to be on notice a set-off defense as to the Original Contract was being asserted.  Further, no other documents submitted prior to the filing of the pending Motion indicated either of the affirmative defenses would be at issue.  *See e.g. Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069, 1080 n. 10 (9th Cir. 2016) (mention of issue in earlier filing provided notice). The Court agrees with the Magistrate Judge:

> [PSE, LLC,] did not provide fair notice of this defense. Neither the answer nor [PSE, LLC,'s] prior filings indicate that [PSE, LLC,] intended to seek a setoff, let alone a setoff due to delayed deliveries.  Thus, [PSE, LLC,] did not provide the minimal factual basis necessary to provide fair notice.

R & R (Doc. 90, pp. 2-3); *see e.g.*, Answer (Doc. 37), Joint Report (Doc. 43).  Where, as here, neither PSE, LLC, nor co-defendant PSE, Inc., provided allegations to state or clarify a factual basis for these affirmative defenses, the Court cannot say adequate notice was provided to Combis.  *See e.g., Ventures Edge Legal PLLC v. GoDaddy.com LLC*, No. CV-15-02291-PHX-GMS, 2017 WL 1075059, at *2 (D. Ariz. Mar. 22, 2017).

Although PSE, LLC, argues "Combis is simply trying to 'encourage a disingenuous game of "gotcha" litigation in which a pleading is read neither in context nor with attention to the obvious[,]'" *Schumacher v. State Automobile Mut. Ins. Co.*, 47 F.Supp.3d 618, 629

(S.D. Ohio 2014), the request to amend must also be read in context.  A review of the record does not demonstrate PSE, LLC, initially intended to assert the affirmative defenses or PSE, LLC, meaningfully engaged in discovery until near the end of discovery.  This Objection is overruled.

## V.  *Dispositive Nature of Affirmative Defenses*

PSE, LLC, also objects to the conclusion of the Magistrate Judge that the affirmative defense of untimeliness "would not have been dispositive if raised at the outset of this litigation[.]" RR (Doc. 90, p. 7).  The Magistrate Judge stated:

> [T]here is caselaw stating that a plaintiff cannot show prejudice from a late-raised defense if the defense would have been "dispositive" or "effective" from the outset of the lawsuit.  *Wyshak*, 607 F.2d at 826*; C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). PSE LLC's defenses here would not have been dispositive if raised at the outset of this litigation. . . .[W]hile an untimeliness defense can be dispositive at the outset, that would not have been the case here.  Plaintiff alleges, as to the unpaid invoices, that the breach occurred in December 2023, seven months before this lawsuit was filed. And as to the canceled orders, Plaintiff asserts that there were indications from both PSE Inc. and PSE LLC that they would resolve their issues without litigation.  It is well-established that a party to a contract can waive any provision that is to his benefit.  *Pruitt*, 685 P.2d at 1356 (citing *Nelson*, 616 P.2d at 59).  Plaintiff would have shown enough to engage in discovery as to whether there was a waiver of the limitation provision, so the defense would not have disposed of Plaintiff's claims at the outset of this case.

R & R (Doc. 90, p. 7).

PSE, LLC, points out the Original Contract states:

> "**Waiver.**   Purchaser's failure to insist on performance of any of the terms or conditions herein or to exercise any right or privilege or Purchaser's waiver of any breach hereunder shall not thereafter waive any other terms, conditions, or privileges, whether of the same or similar type."

Original Contract (Doc. 109-2).  However, the Court agrees with the Magistrate Judge that it appears the waiver/untimeliness issues have been sufficiently raised such that the issues would have been subject to discovery; i.e., the issue would not have been dispositive if raised at the outset of the litigation.  Indeed, the subsequent payment plan as set forth in the Contract may have raised factual and legal disputes of the effect of the Contract on the Original Contract despite the Waiver provision of the Original Contract.

- 11 -

Accordingly, after an independent review, IT IS ORDERED:

1. The Objection to Magistrate's Report and Recommendation (Docs. 105, 109) is OVERRULED.

2. The Report and Recommendation (Doc. 90) is ADOPTED.

3. The Motion to Amend Answer (Doc. 83) is DENIED.

DATED this 1st day of April, 2026.

Cindy K. Jorgenson
United States District Judge

- 12 -